UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN HALL, individually and
on behalf of all others similarly situated,

                Plaintiff,

                                  Case No. 15-CV-13844

vs.

                                  HON. GEORGE CARAM STEEH

FORBES MEDIA LLC,

                Defendant.

_____/

ORDER GRANTING IN PART DEFENDANT'S MOTION TO STAY ACTION [DOC. 10]
AND PROVIDING FOR LIMITED DISCOVERY DURING PENDENCY OF STAY

      Plaintiff Brian Hall filed this putative class action alleging that defendant Forbes

Media LLC ("Forbes") violated Michigan's Preservation of Personal Privacy Act,

popularly referred to as the Video Rental Privacy Act ("VRPA"), by unlawfully disclosing

subscribers' information to data miners and other third party companies.  Plaintiff also

alleges a state law claim of unjust enrichment.  This matter is before the court on

defendant's motion to stay.  The court held oral argument on the motion on August 31,

2016.  For the reasons that follow, defendant's motion to stay is GRANTED IN PART.

FACTUAL BACKGROUND

      Brian Hall alleges that he purchased a one-year subscription to *Forbes* magazine

directly from Forbes in August 2009.  (Complaint ¶ 30).  Hall further alleges that Forbes

then sold information about him, including his full name, the title of the magazine he

subscribed to and his home address, to data miners and other unrelated third party

companies.  Regarding damages, Hall alleges that he suffered "concrete economic

harm" as a result of Forbes' actions in that he would not have purchased the subscription had he known of Forbes' practices.  (Complaint ¶ 38).

As an affirmative defense, Forbes avers that Hall purchased his magazine subscription through a third party, and not directly from Forbes as alleged in the complaint.  Hall moves the court to stay all proceedings in this action pending the Sixth Circuit's decision in *Coulter-Owens v. Time, Inc.*, Case No. 16-1321, because the opinion "could dispose of Plaintiff's claims in this action, without the need for further expenditure of time and expense by the parties or the Court."

For the reasons set forth below, this court finds that only the jurisdiction issue before the Sixth Circuit warrants the granting of a limited stay.

## STANDARD FOR GRANTING A STAY

"A district court may stay a case in order to allow a higher court in a separate case to settle issues of law that have bearing on the matter to be stayed."  *Beydoun v. Holder*, 14-CV-13812, 2015 WL 631948, at *3 (E.D. Mich. Feb. 13, 2015) (citations omitted).  In making a determination whether to grant a stay, a district court must weight: "[1] the potentiality of another case having a dispositive effect on the case to be stayed, [2] the judicial economy to be saved by waiting on a dispositive decision, [3] the public welfare, and [4] the hardship/prejudice to the party opposing the stay, given its duration."  *Id.* (quoting *Michael v. Ghee*, 325 F. Supp. 2d 829, 831 (N.D. Ohio 2004).  As the party seeking a stay in this case, Forbes bears the burden of demonstrating such relief is warranted.  *See Clinton v. Jones*, 520 U.S. 681, 708 (1997).

<u>ANALYSIS</u>

I.  <u>Legal Landscape</u>

 A.  <u>*Coulter-Owens v. Time, Inc.*, Sixth Circuit Court of Appeals</u>

  The Sixth Circuit is currently considering an appeal in a VRPA case decided by this court.  In *Coulter-Owens v. Time, Inc.*, this court granted summary judgment for the defendant, after finding that Time, Inc. did not sell its subscriptions to plaintiff and the putative class members "at retail", as that term is used in the VRPA, because plaintiff and the class purchased their subscriptions through third-party websites.  No. 12-CV-14390, 2016 WL 612690, at *3.  Plaintiff appealed from the summary judgment order on the issue of whether the defendant was "engaged in the business of selling at retail" where both parties agreed that the plaintiff purchased her magazine subscriptions from a third party.

  The Sixth Circuit set a briefing schedule that required the matter to be fully briefed by August 18, 2016.  Defendant Forbes originally filed its motion to stay because the issue to be decided by the Sixth Circuit in *Coulter-Owens* - whether sales of magazines through third-party resellers constitute sales "at retail" within the meaning of the VRPA - will determine a key issue in this case because it believes plaintiff Hall purchased his subscription to *Forbes* magazine from a third-party reseller.  However, on May 26, 2016, Time filed a motion to dismiss plaintiff's appeal on the basis of two recent developments that are relevant to a plaintiff's Article III standing.  According to Time's motion to dismiss, the Supreme Court's decision in *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), and  recent amendments to the VRPA, compel the conclusion that the plaintiff lacks Article III standing and the court therefore lacks subject-matter jurisdiction

over the appeal.  The motion to dismiss before the Sixth Circuit is fully briefed and the

court *sua sponte* directed the parties to hold off on briefing the original appeal focusing

on whether sales of magazines through third-party resellers constitute sales "at retail"

within the meaning of the VRPA.

      B.  *Spokeo, Inc. v. Robins*, Ninth Circuit Court of Appeals

The central issue in *Spokeo* was whether a violation of a statutory right alone is a

sufficient injury-in-fact to create the constitutional standing necessary to sue in federal

court or whether a plaintiff must show actual harm as well.  The case which came out of

the Ninth Circuit and made its way to the Supreme Court arose under the Fair Credit

Reporting Act ("FCRA").  The relevance of *Spokeo* to this privacy case under the VRPA

is that in both instances the legislature created rights and provided for statutory

damages (a) to quantify damages that otherwise would be amorphous and/or minuscule

and, accordingly, (b) to create incentives for private parties to enforce the statute and to

compel compliance by those regulated.

The Supreme Court concluded that the injury-in-fact requirement requires a

plaintiff to allege an injury that is both "concrete" and "particularized."  The Supreme

Court concluded the Ninth Circuit failed to completely analyze the issue where it held

plaintiff's claimed violation was sufficiently particularized because it affected plaintiff

individually, but did not address whether the claimed violation was sufficiently concrete.

*Spokeo, Inc. v. Robins,* 136 S.Ct. 1540, 1548-49 (2016).  The Court explained that

"concrete" harm must be "real" and not "abstract" - but that does not necessarily mean

"tangible."  *Id.*  "Intangible" harms can constitute an injury in fact, if they have a "close

relationship to a harm that has traditionally been regarded as providing a basis for a

-4-

lawsuit in English or American courts", or if they are defined as such by Congress. *Id.* at 1549. Violations of statutory rights that create the "risk" of harm can be "concrete", as in the case of slander. *Id.* On the other hand, if the procedural statutory violation causes no harm or risk of harm, there must be something more as a consequence of the violation that affects the person who sues, for there to be an injury-in-fact for standing. *Id.* The Supreme Court in *Spokeo* remanded to the Ninth Circuit to determine whether the particular procedural FCRA violations alleged entail a degree of risk sufficient to meet the concreteness requirement. *Id.* The case is presently pending on remand before the Ninth Circuit.

    C. PA 92 Amendment to VRPA

Effective July 31, 2016, the VRPA was amended to provide that a plaintiff must suffer actual damages to pursue a civil suit for a violation of the act. Public Act 92; Mich. Comp. Laws § 445.1715(2). In addition, the Act no longer contains the $5,000 statutory damages provision. *Id.* § 445.1715(2)(a). The amendments to the VRPA came after several Michigan federal courts declined to dismiss putative class actions seeking statutory damages on behalf of plaintiffs who suffered no actual damages.[1] It has not yet been determined whether the amendments apply retroactively.

II. Dispositive Effect on Pending Case

---

[1] This court found a plaintiff had standing in a case after observing that "it was unclear . . . whether plaintiffs could articulate any injury other than a violation of the statute." *Halaburda v. Bauer Pub. Co., LP*, 2013 WL 4012827, *4 (E.D. Mich. 2013). The court based its conclusion on the fact that the VRPA (pre-amendment) "contain[ed] absolutely no language to require that a claimant suffer any actual injury apart from a violation of the statute." *Id.*

The Sixth Circuit's decision on Time's motion to dismiss in *Coulter-Owens* will likely be instructive on the issue of Article III standing.  Because the alleged statutory violation in that case arose before the VRPA was amended, the court will almost assuredly have to address whether the amendments apply retroactively.  The Sixth Circuit will likely also address whether, pursuant to *Spokeo*, the plaintiff alleged a concrete injury arising from "a deluge of junk mail" an influx of "marketing calls", and "emotional distress in the form of irritation, aggravation, anxiety, and fear that her information will be obtained and misused by thieves and scammers", as well as overpayment for her subscription.  It is possible that the Sixth Circuit will address which, if any, of these alleged harms constitute concrete injuries.  At the very least, the decision should provide guidance on some of the issues pertaining to Article III standing pending before this court.

III.  Judicial Economy

The Sixth Circuit's guidance on the requirements for standing under the VRPA will streamline the issues here.  Plaintiff's counsel, the defendant, and this court have been involved in many VPRA cases, so all will benefit from the resolution of this fully briefed issue pending before the Sixth Circuit.

IV.  Public Welfare

Stays are not favored, "courts must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Family Serv. Ass'n of Steubenville, Ohio v. Wells Twp.*, 2014 WL 972178, at *3 (S.D. Ohio Mar. 12, 2014) (citation omitted).  Where pending cases will not be determinative of the issues presented, a stay will not serve the public interest.

-6-

Hall seeks injunctive relief to put a stop to Forbes' on-going practice of disclosing its subscribers' Personal Reading Information without their consent.  (Compl. ¶ 67). Granting a stay would delay the ability to obtain an injunction.  However, Forbes avers that since August 2014 it has not disclosed any Personal Reading Information of Michigan residents.  (Suppl. Decl. of Nina LaFrance, ¶ 2).  Therefore there is no on-going harm for the court to enjoin.

V.  <u>Hardship or Prejudice if Stay Granted</u>

Time's motion to dismiss for lack of subject matter jurisdiction is fully briefed, so the stay requested in this case is not expected to be of great duration.  Granting a stay in this situation will not result in substantial prejudice or hardship.

VI.  <u>*Coulter-Owens* Merits Appeal</u>

Assuming Article III standing, the parties will need to engage in discovery to determine the facts where plaintiff's complaint alleges that he purchased his subscription from Forbes directly, while defendant's affirmative defense asserts that plaintiff purchased the subscription from a third party agent.  As for the Sixth Circuit's determination of whether the defendant was engaged in the business of selling "at retail", in *Coulter-Owens* there was no factual dispute that the plaintiff purchased her magazine subscription from a third party.  No matter how the Sixth Circuit rules in *Coulter-Owens*, discovery will be required in the pending case to determine whether plaintiff purchased at retail. Therefore, during the stay, the court will permit discovery on the limited issue of whether plaintiff bought his subscription "at retail".

-7-

After the Sixth Circuit rules on the motion to dismiss in *Coulter-Owens*, the court can revisit whether to extend the stay pending the underlying appeal on the issue of "at retail".

CONCLUSION

Defendant's motion to stay is granted pending a determination by the Sixth Circuit on defendant's motion to dismiss in the *Coulter-Owens* appeal.  During the pendency of the stay, the parties are expected to conduct discovery on the limited issue of whether plaintiff's subscription was purchased "at retail."

Dated:  September 13, 2016

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
September 13, 2016, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk

---